UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

JOHN JL1 DOE, AS NEXT FRIEND OF
JANE JL1 DOE, A MINOR,

                            Plaintiff,                Case No.:

                                              Hon.

v

MICHIGAN STATE UNIVERSITY; THE
BOARD OF TRUSTEES OF MICHIGAN
STATE UNIVERSITY; LAWRENCE
GERARD NASSAR (individual and official
capacity); KATHIE KLAGES (individual
and official capacity); WILLIAM D.
STRAMPEL, D.O. (individual and official
capacity); GARY STOLLAK (individual
and official capacity); USA
GYMNASTICS, INC.,

                          Defendants.

_____/

**THOMAS W. WAUN (P34224)**
**VEN R. JOHNSON (P39219)**
**JOHNSON LAW, PLC**
Attorneys for Plaintiff John JL1Doe, as
        Next Friend of Jane JL1 Doe, a Minor
10683 S. Saginaw St., Ste. D
Grand Blanc, Michigan  48439
(810) 695-6100

_____/

## **COMPLAINT**

      **NOW COMES** Plaintiff, Jane JL1 Doe ("Plaintiff"), by and through her attorneys,

Johnson Law, PLC, and for her Complaint states and alleges:

## I.     **PRELIMINARY STATEMENT**

1.     This is a civil action for declaratory, equitable, injunctive, and/or monetary relief for injuries sustained by Plaintiff Jane JL1 Doe as a result of the acts and omissions of Lawrence Nassar, D.O. (hereinafter "Nassar"), Michigan State University (hereinafter "MSU"), the Board of Trustees of Michigan State University (hereinafter "MSU Trustees"), USA Gymnastics (hereinafter "USAG"), and their respective employees, representatives, and agents, relating to sexual assault, abuse, molestation, and nonconsensual sexual touching and harassment by Defendant Nassar against Plaintiff, who was a minor when the sexual assaults took place under the false auspice of medical treatment for the sexual gratification of Defendant Nassar, and for which was concealed by other Defendants.

## II.     **JURISDICTION AND VENUE**

2.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

3.     This action is brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq*., as more fully set forth herein.

4.     This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

5.     Subject matter jurisdiction is founded upon 28 U.S.C. § 1331 which grants subject matter jurisdiction to district courts over all civil actions arising under the Constitution, laws, and treaties of the United States.

6.     Subject matter jurisdiction is also founded upon 28 U.S.C. § 1343 which grants

subject matter jurisdiction to district courts over any civil actions authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

7.      Subject matter jurisdiction is also founded upon 28 U.S.C. § 1332 as it relates to Plaintiff's claims against Defendant USAG for the reason that 28 U.S.C. § 1332 grants subject matter jurisdiction to district court over all civil actions where the amount in controversy is greater than $75,000.00, exclusive of interest and costs, and the parties are citizens of different states.

8.      Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide all claims arising under Michigan law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

9.      Plaintiff's claims are cognizable under the United States Constitution, 42 U.S.C. § 1983, 20 U.S.C. §1681 *et seq*., and under Michigan law.

10.     The events giving rise to Plaintiff's complaint occurred in Ingham County, Michigan, which sits in the Southern Division of the Western District of Michigan.

11.     Venue is proper in the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which

the events giving rise to the claim occurred.

12.     Because Michigan State University is a public university organized and existing under the laws of the State of Michigan, and Michigan statutory law requires parties to file a Notice of Intention to File Claim in order to maintain any action against the state, in satisfaction of M.C.L. § 600.6431, Plaintiff filed a Notice of Intent to File Claim with the Michigan Court of Claims.

### III.     PARTIES AND KEY INDIVIDUALS

13.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

14.     Plaintiff John JL1Doe is the father and next friend of Jane JL1 Doe, a minor female and is a resident of Michigan.

15.     Plaintiff's name has been withheld from this Complaint to protect her identity as she is a minor child.

16.     Defendant Nassar, is a Doctor of Osteopathic Medicine, licensed by and in the State of Michigan, and is a resident of Michigan.

17.     From approximately 1996 to 2016, Nassar worked for Defendant Michigan State University in various positions and capacities.

18.     From 1986 to approximately 2015, Nassar also worked for Defendant USA Gymnastics in various positions and capacities.

19.     Defendant MSU was at all relevant times and continues to be a public university organized and existing under the laws of the State of Michigan.

20.     MSU received federal financial assistance is therefore subject to Title IX of the

4

Educational Amendments of 1972, 20 U.S.C. § 1681(a).

21.     Defendant MSU Trustees is the governing body for Michigan State University.

22.     Defendant MSU and Defendant MSU Trustees are hereinafter collectively referred to as the MSU Defendants.

23.     Lou Anna K. Simon is the current President of Defendant MSU, appointed in approximately January 2005.  Prior to her appointment as President, Defendant Simon held several administrative roles including assistant provost for general academic administration, associate provost, and provost and vice president for academic affairs during her career with MSU.

24.     M. Peter McPherson is the immediate Past President of Defendant MSU and served as President from approximately 1993-2004.

25.     The Deputy Title IX Coordinators for Investigations for Defendant MSU for 1999, 2000, and 2014 were responsible for all investigations reported to the Office of Institutional Equity, including all allegations associated with Title IX.

26.     William D. Strampel, D.O. is the Dean of the College of Osteopathic Medicine at MSU, serving as Dean since approximately April 2002 and as Acting Dean between December 2001 and April 2002.

27.     Defendant Kathie Klages was the head coach of the Michigan State University Gymnastics Program until her suspension and resignation in early 2017; she also conducted gymnastics classes and programs for children and young adults not on the varsity gymnastics team.

28.     Defendant Gary Stollak was a professor in the clinical program within the Michigan State University Department of Psychology.

5

29.     Defendant USAG was and continues to be an organization incorporated in Indiana, authorized to conduct business and conducting business throughout the United States, including the State of Michigan.

30.     Steve Penny is the current president of USAG, named in approximately April 2005, who is currently responsible for the overall management and strategic planning of USAG.

31.     Robert Colarossi is the past president of USAG and held the position from approximately 1998 to 2005, and, during that time, was responsible for overall management and strategic planning of USAG.

32.     MSU Sports Medicine Clinic is a wholly owned affiliate of Michigan State University, operating in the County of Ingham, State of Michigan, that offers medical care and treatment to individuals, including Plaintiff; because MSU Sports Medicine is a program run and operated by MSU, and MSU solicits and targets individuals like Plaintiff's minor, Plaintiff's minor would fall within the University Community as defined by its Title IX policies.

## IV.     FACTUAL ALLEGATIONS

33.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

34.     At all relevant times, Nassar maintained an office at MSU in East Lansing, Michigan.

35.     At all relevant times, MSU, MSU Trustees, and Nassar were acting under color of law, specifically under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan or MSU.

36.     At all relevant times, Nassar was acting in the scope of his employment or agency

6

with MSU.

37.     At all relevant times, Nassar was acting in the scope of his employment or agency with USAG.

38.     Nassar graduated from Michigan State University with a Doctor of Osteopathic Medicine degree in approximately 1993.

39.     From approximately 1998 to 2015, Nassar was employed by USAG in various positions, including, but not limited to, the following positions: (a) Certified Athletic Trainer; (b) Osteopathic Physician; (c) National Medical Director; (d) National Team Physician, USA Gymnastics; and (e) National Team Physician, USA Gymnastics Women's Artistic Gymnastics National Team.

40.     From approximately 1996 to 2016, Nassar was employed by MSU in various positions, including, but not limited to, the following positions: (a) Associate Professor, MSU's Division of Sports Medicine, Department of Radiology, College of Osteopathic Medicine; (b) Team Physician, MSU's Men's and Women's Gymnastics Teams; (c) Team Physician, MSU's Men's and Women's Track Field Teams; (d) Team Physician, MSU's Men's and Women's Crew Teams; (e) Team Physician, MSU's Intercollegiate Athletics; (f) Medical Consultant, MSU's Wharton Center for the Performing Arts; and (g) Advisor, Student Osteopathic Association of Sports Medicine.

41.     Nassar is a doctor of osteopathic medicine and has never been a doctor of obstetrics or gynecology.

42.     While employed by MSU and USAG, Nassar practiced medicine at MSU's Sports Medicine Clinic, which is located on MSU's East Lansing, Michigan campus.

43.     During Nassar's employment, agency, and representation with the MSU Defendants and USAG, and under the false pretense that what he was doing was a proper medical treatment, Nassar sexually assaulted, battered, abused, and molested Plaintiff by touching her genital area and digitally penetrating her vagina without Plaintiff's consent and without the consent of Plaintiff's parents.

44.     Beginning in 2014 through 2016, Plaintiff's minor suffered back pain as a result of participating in gymnastics and treated with Defendant Nassar at the MSU Sports Medicine Clinic.

45.     During alleged treatment, Nassar rubbed Plaintiff's vagina and anus; unbeknownst to Plaintiff, Nassar was apparently doing this for sexual gratification.

46.     Nassar misrepresented to Plaintiff's minor and her parents that this was the appropriate way to treat her injury.

47.     Because of Nassar's reputation, the Plaintiff's minor and her parents had no reason to doubt Nassar, as MSU, and USAG represented him to be a reputable, ethical, and trustworthy doctor.

48.     Nassar did not give prior notice or obtain consent from Plaintiff's minor or Plaintiff's parents for this "treatment" even though she was a minor at the time.

49.     Plaintiff was a minor when the sexual abuse happened and is still a minor.

50.     Neither Plaintiff nor Plaintiff's parents consented to any touching or rubbing of Plaintiff's vagina.

51.     Nassar's conduct and actions taken against Plaintiff constituted sexual assault, abuse, and molestation, and was undertaken for Nassar's pleasure and self-gratification.

52.      Nassar used his position of trust and confidence in an abusive manner, causing Plaintiff's minor to suffer a variety of injuries including shock, humiliation, emotional distress and related physical manifestations thereof, embarrassment, loss of self-esteem, disgrace, and loss of enjoyment of life.

53.      Plaintiff's minor and her parents had no reason to suspect Nassar was anything other than a competent and ethical physician based on his affiliations with MSU, and USAG, and their representations of Nassar therein.

54.      MSU learned that Nassar was being charged with a crime in late August of 2016; however, MSU failed or refused to notify Plaintiff's parents or anyone similarly situated to Plaintiff's minor of the same, even though it was reasonably foreseeable that the allegations against Nassar would become public and Plaintiff's minor and others like her would learn that the treatment they received was not treatment, but, instead, a sexual assault, and such information could cause, and did cause, emotional harm and damage.

55.      Plaintiff's minor first learned that allegations of sexual abuse had been brought forward against Nassar in approximately September of 2016, after she was exposed to the media releases concerning the allegations against Nassar. It was then that Plaintiff's minor realized that his "treatments" were not normal procedure, but, rather, a sexual assault, and violations of Plaintiff's minor's rights, privacy, and trust.

56.      For over 20 years, Nassar had unrestricted and unmonitored access to young female athletes through the Sports Medicine Clinic at MSU and USAG, who all regularly and routinely referred young female athletes to his care.

57.      Dr. Nassar's patients were seeking treatment for various pain and functional

9

complaints, such as back pain, neck pain, shoulder pain, knee pain, hip pain, and other similar injuries and conditions.

58.     In 1997 or 1998, an athlete reported to MSU gymnastics coach Kathie Klages concerns regarding Defendant Nassar's conduct and "treatment," but Defendant Klages dissuaded the athlete from completing a formal report by warning the athlete the report would have serious consequences for her (the athlete) and Nassar.

59.     As a result of Defendant Klages being informed about Nassar's conduct, at least one other athlete was asked by Klages if Nassar had performed the "procedure" involving digital vaginal and anal penetration on her (the athlete), and the athlete responded in the affirmative. Defendant Klages told the athlete that there is no reason to bring up Nassar's conduct.

60.     In 1999, an MSU student athlete reported to trainers and her coach, who were both employees of MSU, concerns about Nassar's conduct and "treatment," yet MSU failed to take the appropriate action, as required by law, in response to her complaints, which would have resulted in Plaintiff not being assaulted by Nassar in the first place.

61.     Defendant MSU had an obligation under federal and state law to investigate this report.

62.     Defendant MSU also had the following obligations, among others, pursuant to its Office of Institutional Equity ("OIE") policy:

      a.  "to promptly take steps to investigate or otherwise determine what occurred and then to address instances of relationship violence and sexual misconduct when it knows or should have known about such instances."

      b.  to inform "the MSU Police of all reports it receives regarding sexual

assaults.";

c. to "take immediate steps to initiate the investigatory process to determine what happened and to resolve the matter promptly and equitably.";

d. to "take prompt, responsive action to support a claimant and will take steps to eliminate, prevent, or address a hostile environment if it determines that one exists.";

e. "to conduct a prompt, adequate, reliable, and impartial investigation to determine what occurred and then to take appropriate steps to resolve the situation when it learns of an incident of sexual misconduct;

f. "independently investigate complaints of relationship violence and sexual misconduct.";

g. to conduct an investigation "by the Office of Institutional Equity under the direction of the Deputy Title IX Coordinator for Investigations.";

h. to promptly report allegations of sexual misconduct "to the Office of Institutional Equity."

63. Upon information and belief, and in violation of federal law, state law, and the Michigan State University OIE policy, Defendant MSU failed to take any action in response in the 1999 complaint.

64. In 2000, another MSU student athlete reported to trainers concerns about Nassar's conduct and "treatment," yet again MSU failed to take any action in response to her complaints.

65. Upon information and belief, and in violation federal law, state law, and

the Michigan State University OIE policy, MSU failed to take any action in response in the 2000 complaint.

66.     Had MSU taken the appropriate action, including, but not limited to, conducting an appropriate investigation, its conclusions would have been different and Plaintiff would never had been assaulted by Nassar.

67.     Additional complaints regarding Nassar's conduct surfaced in 2014. A victim reported she had an appointment with Nassar to address hip pain and was sexually abused and molested by Nassar when he cupped her buttocks, massaged her breast and vaginal area, and became sexually aroused.

68.     MSU dismissed the victim's complaint, stating that the complainant did not understand the "nuanced difference" between sexual assault and an appropriate medical procedure. MSU further deemed Nassar's conduct "medically appropriate" and "[n]ot of a sexual nature."

69.     Upon information and belief, Nassar became subject to new institutional guidelines at MSU, one of which was that Defendant Nassar was not to examine or treat patients alone.

70.     Upon information and belief, Nassar ignored or otherwise refused to comply with these guidelines and continued to treat patients alone, and MSU did not take appropriate measures to ensure that these institutional guidelines were enforced and adhered to.

71.     Upon information and belief, and in violation federal law, state law, and the Michigan State University OIE policy, MSU failed to take appropriate action in response in the 2014 complaint.

12

72.     As early as 1997, representatives of Michigan State University were made aware of Defendant Nassar's conduct, yet failed to appropriately respond to allegations, resulting in the sexual assault, abuse, and molestation of Plaintiffs through approximately 2016.

73.     Michigan State University's deliberate indifference before, during, and after the sexual assault, abuse, and molestation of Plaintiffs was in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq*., 42 U.S. C. §1983, as well as other Federal and State laws.

74.     MSU and USAG's failure to properly supervise Defendant Nassar and their negligence in retaining Defendant Nassar was in violation of Michigan common law.

75.     The number of complaints against Nassar placed MSU on notice; thus, MSU had sufficient knowledge that Nassar committed sexual assault, sexual harassment, and sexual violence against women who were minors, or recently over the age of majority, such that MSU was required by law to do more than show a deliberate indifference to the complaints being made.

76.     If Defendant MSU had fulfilled its obligation under federal law, state law, and its OIE policy, it would have had to immediately remove Nassar in 2014.

77.     If Defendant MSU had removed Nassar in 2014, knowledge of Nassar's sexual misconduct would have become public at that time.

78.     Upon information and belief, Defendant MSU knew that if it removed Nassar, the news and surroundings of said removal would become immediately well known and widespread.

79.     Upon information and belief, Defendant MSU also knew that news of Nassar's

13

removal would hurt its reputation in the local and national community, as well as opening it up to possible litigation.

80.     Upon information and belief, MSU consciously chose to fraudulently conceal these allegations, not acknowledging them until February 3, 2017.

81.     Upon information and belief, Defendant MSU decided to wait as long as possible to take action against Nassar.

82.     In September 2016, a story was published regarding a complaint filed with Defendant MSU's Police Department titled "Former USA Gymnastics doctor accused of Abuse," which included the former gymnast's allegations against Defendant Nassar.

83.     Following the September 2016 publication, other victims began coming forward after recognizing that they were victims of sexual abuse at a time when most of them were minors.

84.     Plaintiff has been forced to relive the trauma of the sexual assaults.

85.     In late November 2016, Defendant Nassar was arrested and charged in Ingham County, Michigan on three charges of first-degree criminal sexual conduct with a person under 13. The case has been bound over to circuit court. Twenty-two additional counts were recently added.

86.     In mid-December 2016, Defendant Nassar was indicted, arrested, and charged in Federal Court in Grand Rapids, Michigan on charges of possession of child pornography and receipt/attempted receipt of child pornography.

87.     The acts, conduct, and omissions of Defendants Michigan State University and USAG, and their policies, customs, and practices with respect to investigating sexual

assault allegations, severely compromised the safety and health of Plaintiff and an unknown number of individuals, and have resulted in repeated instances of sexual assault, abuse, and molestation of Plaintiff by Nassar, which has been devastating for Plaintiff and her family.

88.     This action arises from Defendants' blatant disregard for Plaintiff's federal and state rights, and Defendants' deliberately indifferent and unreasonable response to physician-on- patient/physician-on-student/physician-on-athlete sexual assault, battery, abuse, and molestation.

## V.     CLAIMS AGAINST MICHIGAN STATE UNIVERSITY DEFENDANTS

COUNT ONE – VIOLATIONS OF TITLE IX, 20 U.S.C. § 1681(a) *et seq.*, AS TO
DEFENDANTS MSU AND MSU TRUSTEES

89.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

90.     "No *person* in the United States shall on the basis of sex, be . . . subject to discrimination under any education program or activity receiving Federal financial assistance . . . ." 20 U.S.C. § 1681(a) (emphasis added).

91.     "Title IX also protects third parties from sexual harassment or violence in a school's education programs and activities." U.S. Dept. of Ed., Office of Civil Rights, Dear Colleague Letter: Sexual Violence, Apr. 4, 2011, at 4 n11, https://www2.ed.gov/print/about/offices/list/ocr/letters/colleague-201104.html (last visited Jan. 25, 2017).

92.     Plaintiff' minor is a "person" within the meaning of 20 U.S.C. § 1681(a).

93.     MSU receives federal financial assistance for its education program and is therefore subject to the provisions of Title IX of the Education Act of 1972, 20 U.S.C. § 1681 *et seq.*

94.     MSU is required under Title IX to investigate allegations of sexual assault, sexual abuse, and sexual harassment, including, specifically, allegations that sexual abuse, sexual assault, or sexual harassment has been committed by an employee. U.S. Dept. of Ed., Office of Civil Rights, Questions and Answers on Title IX and Sexual Violence, Apr. 29, 2014, at 1, 3, https://www2.ed.gov/about/offices/list/ocr/docs/qa-201404-title-ix.pdf.

95.     Nassar's actions and conduct were carried out under one of MSU's programs, which provides medical treatment to students, athletes, and the general public, wherein MSU, through MSU Sport Medicine Clinic, solicits and markets to people like Plaintiff's minor, and places Plaintiff's minor within the University community.

96.     Nassar's actions and conduct toward Plaintiff's minor of nonconsensual sexual assault, battery, and molestation, which includes unconsented touching and rubbing of Plaintiff's minor's genitalia, constitute sex discrimination under Title IX.

97.     As early as 1999 and 2000, an appropriate person at MSU had knowledge of acts committed by Nassar that constituted sex discrimination under Title IX.

98.     MSU failed to carry out their duties to investigate and take corrective action under Title IX in 1999 and 2000.

99.     The MSU Defendants were notified again in 2014 that Nassar had committed acts that constituted sex discrimination under Title IX when a victim reported that she had an appointment with Nassar to address hip pain and was sexually assaulted by Nassar

when  he cupped her buttocks, massaged her breast and vaginal area, and became sexually aroused.

100.    Regardless, MSU's report in 2014 omitted certain key facts, such as the fact that Nassar was sexually aroused while touching her and that the victim had to physically remove Nassar's hands from her body to end the appointment.

101.    MSU Defendants showed a deliberate indifference by rejecting evidence of sexual assault, concluding that the victim had only experienced appropriate medical treatment and not sexual assault, and dismissing her complaint.

102.    The MSU Defendants failed to adequately supervise Defendant Nassar even though MSU had actual knowledge that Nassar posed a substantial risk of additional sexual abuse of females to whom he had unfettered access.

103.    After the 1999, 2000, and 2014, complaints Defendant Nassar continued to sexually assault, abuse, and molest individuals.

104.    The MSU Defendants acted with deliberate indifference to known acts of sexual assault, abuse, and molestation on its premises by:

    a.  failing to investigate and address complaints against Defendant Nassar of sexual assault in 1999 and 2000 as required by Title IX;

    b.  failing to adequately investigate and address the 2014 complaint regarding Defendant Nassar's conduct; and,

    c.  failing to institute corrective measures to prevent Defendant Nassar from violating and sexually abusing other students and individuals, including minors.

17

105.    The MSU Defendants acted with deliberate indifference by failing to respond to the allegations of sexual assault, abuse, and molestation in light of the known circumstances, Defendant Nassar's conduct toward female athletes, and his access to young girls and young women.

106.    The MSU Defendants' deliberate indifference is further confirmed by the Department of Education's investigation into MSU's handling of sexual assault and relationship violence allegations, which revealed:

  a.  That the MSU Defendants' failure to adequately respond to allegations of sexual assault created a sexually hostile environment and affected numerous students and staff on MSU's campus;

  b.  That the MSU Defendants' failure to address complaints of sexual violence in a prompt and equitable manner caused and may have contributed to a continuation of the sexually hostile environment.

107.    The MSU Defendants' responses were clearly unreasonable as Defendant Nassar continued to sexually assault female athletes and other individuals until he was discharged from the University in 2016.

108.    The MSU Defendants' failure to promptly and appropriately investigate and remedy the 1999, 2000, and 2014 complaints of sexual assault resulted in Plaintiff's minor being subject to further harassment and a sexually hostile environment, which denied Plaintiff's minor the benefits of, and subjecting her to discrimination under, the educational programs and activities at MSU.

109.    As a direct and/or proximate result of the MSU Defendants' actions and inactions,

Plaintiff's minor has suffered and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity

## COUNT TWO – VIOLATIONS OF CIVIL RIGHTS, 42 U.S.C. § 1983, AS TO DEFENDANTS MSU AND MSU TRUSTEES AND DEFENDANT NASSAR

110. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

111. Plaintiff's minor, as a female, is a member of a protected class under the Equal Protection Clause of the Fourteenth Amendment to the United States.

112. Plaintiff's minor enjoys the constitutionally protected Due Process right to be free from the invasion of bodily integrity through sexual assault, abuse, or molestation.

113. At all relevant times, Defendants MSU, MSU Trustees, and Nassar were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan and/or Defendant Michigan State University.

114. The acts as alleged above amount to a violation of these clearly established constitutionally protected rights, of which reasonable persons in the MSU Defendants' positions knew or should have been aware.

115. The MSU Defendants have the ultimate responsibility and authority to train and supervise its employees, agents, and representatives, in the appropriate manner of detecting, reporting, and preventing sexual abuse, assault, and molestation and as a matter of

acts, custom, policy, and/or practice failed to do so with deliberate indifference.

116.    As a matter of custom, policy, and and/or practice, the MSU Defendants have the ultimate responsibility and authority to investigate complaints against their employees, agents, and representatives from all individuals including, but not limited to, students, visitors, faculty, staff, or other employees, agents, and representatives, and failed to do so with deliberate indifference.

117.    The MSU Defendants had a duty to prevent sexual assault, abuse, and molestation on their campus and premises, that duty arising under the above-referenced constitutional rights, as well as established rights pursuant to Title IX.

118.    Defendant MSU's internal policies provide that "[a]ll University employees . . . are expected to promptly report sexual misconduct or relationship violence that they observe or learn about and that involves a member of the University community (faculty, staff or student) or occurred at a University event or on University property." They state further that "[t]he employee must report all relevant details about the alleged relationship violence or sexual misconduct that occurred on campus or at a campus-sponsored event."

119.    This policy was violated in or around 1999 when a victim reported sexual assault, abuse, and molestation by Defendant Nassar to MSU representatives, including trainers and a coach and no action was taken to address her complaints.

120.    Defendant MSU's internal policies were again violated in 2000 when another victim reported sexual assault, abuse, and molestation by Defendant Nassar to MSU representatives, including trainers and no action was taken to address her complaints.

121.    The MSU Defendants' failure to address the 1999 and 2000 complaints led to

an unknown number of individuals being victimized, sexually assaulted, abused, and molested by Defendant Nassar, including Plaintiff's minor.

122.    Additionally, the MSU Defendant's failure to properly address the 2014 complaint regarding Defendant Nassar's conduct also led to others being victimized, sexually assaulted, abused and molested by Defendant Nassar.

123.    Ultimately, Defendants failed to adequately and properly investigate complaints, including but not limited to failing to:

    a.   perform an investigation into improper conduct by Defendant Nassar after receiving complaints in 1999 and 2000;

    b.   thoroughly review and investigate all policies, practices, procedures and training materials related to the circumstances surrounding the conduct of Defendant Nassar;

    c.   recognize sexual assault when reported in 2014 and permitting University officials to deem sexual assault as "medically appropriate" and "not of a sexual nature;" and

    d.   ensure all institutional guidelines issued following the 2014 investigation into Defendant Nassar's conduct were satisfied.

124.    As indicated in the U.S. Department of Education Office of Civil Rights report the MSU Defendants allowed a sexually hostile environment to exist, affecting numerous individuals on Defendant MSU's campus, including Plaintiff's minor.

125.    As also discussed in the report, Defendant MSU's custom, practice, and/or policy of failing to address complaints of sexual harassment, including, but not limited to, sexual

violence, in a prompt and equitable manner, caused and may have contributed to a continuation of the sexually hostile environment.

126.    By failing to prevent the aforementioned sexual assault, abuse, and molestation of Plaintiff's minor, and by failing to appropriately respond to reports of Defendant Nassar's sexual assault, abuse, and molestation in a manner that was so clearly unreasonable it amounted to deliberate indifference, the MSU Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

127.    The MSU Defendants are also liable to Plaintiff under 42 U.S.C. § 1983 for maintaining customs, policies, and practices, which deprived Plaintiff's minor of rights secured by the Fourteenth Amendment to the United States Constitution.

128.    The MSU Defendants tolerated, authorized, and/or permitted a custom, policy, practice, or procedure of insufficient supervision and failed to adequately screen, counsel, or discipline Defendant Nassar, with the result that Defendant Nassar continued to violate the rights of persons such as Plaintiff's minor, with impunity.

129.    As a direct and/or proximate result of the MSU Defendants' actions and inactions, Plaintiff's minor has suffered and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

COUNT THREE – FAILURE TO TRAIN AND SUPERVISE, IN VIOLATION OF 42
U.S.C. § 1983, AS TO DEFENDANTS MSU AND MSU TRUSTEES

130.    Plaintiff realleges and incorporates by reference the allegations contained in
the preceding paragraphs.

131.    The MSU Defendants have the ultimate responsibility and authority to train
and supervise its employees, agents, and/or representatives, including Defendant Nassar
and  all faculty and staff, regarding their duties toward students, faculty, staff, and visitors.

132.    The MSU Defendants failed to train and supervise its employees, agents, and/or
representatives, including all faculty and staff, regarding the following duties:

   a.   Perceive, report, and stop inappropriate sexual conduct on campus;

   b.   Provide diligent supervision over student-athletes and other individuals;

   c.   Report suspected incidents of sexual abuse or sexual assault;

   d.   Ensure the safety of all students, faculty, staff, and visitors to
        Defendant MSU's campuses premises;

   e.   Provide a safe environment for all students, faculty, staff, and visitors
        to Defendant  MSU's premises free from sexual harassment; and,

   f.   Properly train faculty and staff to be aware of their individual
        responsibility for  creating and maintaining a safe environment.

133.    The above list of duties is not exhaustive.

134.    The MSU Defendants failed to adequately train coaches, trainers, medical staff,
and others regarding the aforementioned duties, which led to violations of Plaintiff's minors'

rights.

135.    As a result, the MSU Defendants deprived Plaintiff's minor of rights secured by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983.

136.    As a direct and/or proximate result of the MSU Defendants' actions and inactions, Plaintiff's Minor has suffered and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

COUNT FOUR – VIOLATIONS OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101

137.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

138.    The Elliot-Larsen Civil Rights Act ("Elliot-Larsen") prohibits discrimination based on sex. MCL 37.2102.

139.    "Discrimination because of sex includes sexual harassment." MCL 37.2.103(i).

140.    "Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature." MCL 37.2103(i).

141.    Elliot-Larsen protects against sexual harassment in educational institutions.

142.    MSU is an educational institution pursuant to MCL 37.2401.

143.   An educational institution shall not "discriminate against an individual in the *full utilization of or benefit* from the institution, or the services, activities, or programs provided by the institution because of . . . sex." MCL 37.2401(a) (emphasis added).

144.   Elliot-Larsen also protects against sexual harassment in places of public accommodation. MCL 37.2302. Under this section, an individual shall not be denied "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of . . . sex." MCL37.2302(a).

145.   MSU is a "place of public accommodation" because its "services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public." MCL 37.2301(a).

146.   Plaintiff' minor is a "person" within the meaning of MCL 37.2103(g).

147.   Nassar's actions and conduct were carried out under one of MSU's programs, which provides medical treatment to students, athletes, and the general public, wherein MSU, through MSU Sport Medicine Clinic, solicits and markets to people like Plaintiff's minor, and places Plaintiff's minor within the University community.

148.   Nassar's actions and conduct toward Plaintiff's minor denied her the full and equal enjoyment of MSU's services at a place of public accommodation, in violation of Elliot-Larson.

149.   Nassar's actions and conduct toward Plaintiff's minor of nonconsensual sexual assault, battery, and molestation, which includes unconsented touching and rubbing of Plaintiff's genitalia, constitute sex discrimination under Elliot-Larsen.

150. As a direct and/or proximate result of the MSU and Nassar's actions and inactions, Plaintiff has suffered and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

COUNT FIVE – GROSS NEGLIGENCE AS TO THE DEFENDANTS MSU AND MSU BOARD OF TRUSTEES AND DEFENDANT NASSAR

151. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

152. The MSU Defendants owed Plaintiff's minor a duty to use due care to ensure her safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives, and/or agents, including Defendant Nassar.

153. Defendant Nassar owed Plaintiff's minor a duty of due care in carrying out medical treatment as an employee, agent, and/or representative of the MSU Defendants.

154. By seeking medical treatment from Defendant Nassar in the course of his employment, agency, and/or representation of the MSU Defendants, a special, confidential, and fiduciary relationship between Plaintiff's minor and Defendant Nassar was created, resulting in Defendant Nassar owing Plaintiff's minor a duty to use due care.

155. The MSU Defendants' failure to adequately supervise Defendant Nassar, especially after MSU knew or should have known of complaints regarding his nonconsensual sexual touching and assaults during "treatments," and said failure to adequately supervise was

26

so reckless that it demonstrated a substantial lack of concern for whether an injury would result to Plaintiff's minor.

156.   Defendant Nassar's conduct in sexually assaulting, abusing, and molesting Plaintiff's minor in the course of his employment, agency, and/or representation of the MSU Defendants, and under the guise of rendering "medical treatment," was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff's minor.

157.   The MSU Defendants' conduct demonstrated a willful disregard for precautions to ensure Plaintiff's minor's safety.

158.   The MSU Defendants' conduct, as described in this Complaint, demonstrated a willful disregard for substantial risks to Plaintiff's minor.

159.   The MSU Defendants breached duties owed to Plaintiff's minor and were grossly negligent when they conducted themselves by the actions described above, said acts having been committed with reckless disregard for Plaintiff's minor's health, safety, Constitutional and/or statutory rights, and with a substantial lack of concern as to whether an injury would result.

160.   As a direct and/or proximate result of Defendants' actions and/or inactions, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

COUNT SIX – NEGLIGENCE AS TO DEFENDANTS MSU AND MSU BOARD OF TRUSTEES AND DEFENDANT NASSAR

161.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

162.     The MSU Defendants owed Plaintiff's minor a duty of ordinary care to ensure her safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives and/or agents.

163.     By seeking medical treatment from Defendant Nassar, in his capacity as an employee, agent, and/or representative of the MSU Defendants, a special, confidential, and fiduciary relationship between Plaintiff's minor and Defendant Nassar was created, resulting in Defendant Nassar owing Plaintiff's minor a duty to use ordinary care.

164.     The MSU Defendants' failure to adequately train and supervise Defendant Nassar breached their duty of ordinary care.

165.     The MSU Defendants had notice through its own employees, agents, and/or representatives as early as 1999, again in 2000, and again in 2014, of complaints of a sexual nature related to Defendant Nassar's purported "treatments" with young girls and women.

166.     The MSU Defendants should have known of the foreseeability of sexual abuse with respect to youth and collegiate sports.

167.     The MSU Defendants' failure to properly investigate, address, and remedy complaints regarding Defendant Nassar's conduct was a breach of ordinary care.

168.     Defendant Nassar's conduct in sexually assaulting, abusing, and molesting Plaintiff's minor in the course of his employment, agency, and/or representation of the MSU Defendants was a breach of his duty to use ordinary care.

169.     As a direct and/or proximate result of Defendants' conduct, actions and/or inactions, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self- esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

## COUNT SEVEN – VICARIOUS LIABLITY AGAINST DEFENDANTS MSU AND MSU BOARD OF TRUSTEES

170.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

171.     Vicarious liability is indirect responsibility imposed by operation of law where an employer is bound to keep its employees within their proper bounds and is responsible if it fails to do so. *See generally Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263 (6th Cir. 2009).

172.     Vicarious liability essentially creates agency between the principal and its agent so that the principal is held to have done what the agent has done.

173.     The MSU Defendants employed and/or held Defendant Nassar out to be its agent and/or representative from approximately 1996 to 2016.

174.     Defendant MSU's website contains hundreds of pages portraying Defendant Nassar as a distinguished member of Defendant MSU's College of Osteopathic Medicine, Division of Sports Medicine.

175.     The MSU Defendants are vicariously liable for the actions of Defendant Nassar,

as described in this Complaint, that were performed during the course of his employment, representation, and/or agency with the MSU Defendants, and while he had unfettered access to young female athletes on MSU's campus and premises through its College of Osteopathic Medicine and Division of Sports Medicine.

176.     As a direct and/or proximate result of Defendant Nassar's actions carried out in the course of his employment, agency, and/or representation of the MSU Defendants, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem,  disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

## COUNT EIGHT - EXPRESS/IMPLIED AGENCY AS TO DEFENDANTS MSU AND MSU BOARD OF TRUSTEES

177.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

178.     An agent is a person who is authorized by another to act on its behalf.

179.     The MSU Defendants intentionally or negligently made representations that Defendant Nassar was their employee, agent and/or representative.

180.     On the basis of those representations, Plaintiff's minor's parents reasonably believed that Defendant Nassar was acting as an employee, agent, and/or representative of the MSU Defendants.

181.     Plaintiff's minor was injured as a result of Defendant Nassar's sexual assault, abuse, and molestation, as described in this Complaint, that were performed during the

course of his employment, agency, and/or representation with the MSU Defendants and while he had unfettered access to young female athletes.

182.   Plaintiff's minor was injured because she relied on the MSU Defendants to provide employees, agents, and/or representatives who would exercise reasonable skill and care.

183.   The MSU Defendants are liable for the actions of Defendant Nassar, as described in this Complaint, that were performed during the course of his employment, representation, and/or agency with the MSU Defendants, and while he had unfettered access to young female athletes on MSU's campus and premises through its College of Osteopathic Medicine and Division of Sports Medicine.

184.   As a direct and/or proximate cause of Defendant Nassar's negligence carried out in the course of his employment, agency, and/or representative of the MSU Defendants, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

## COUNT NINE - NEGLIGENT SUPERVISION AS TO DEFENDANTS MSU AND MSU BOARD OF TRUSTEES

185.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

186.   The MSU Defendants had a duty to provide reasonable supervision of their employee, agent, and/or representative, Defendant Nassar, while he was in the course of his employment, agency, or representation with the MSU Defendants and while he interacted

31

with young female athletes including Plaintiff's minor.

187.   It was reasonably foreseeable given the known sexual abuse in youth sports and gymnastics in particular that Defendant Nassar who had prior allegations against him had or would sexually abuse children, including Plaintiff's minor, unless properly supervised.

188.   The MSU Defendants by and through their employees, agents, managers, and/or assigns, such as President Simon, President McPherson, Dean Strampel, or others, knew or reasonably should have known of Defendant Nassar's conduct and/or that Defendant Nassar was an unfit employee, agent, and/or representative because of his sexual interest in children.

189.   The MSU Defendants breached their duty to provide reasonable supervision of Defendant Nassar, and permitted Defendant Nassar, who was in a position of trust and authority, to commit the acts against Plaintiff's minor.

190.   The aforementioned sexual abuse occurred while Plaintiff's minor and Defendant Nassar were on the premises of Defendant MSU, and while Defendant Nassar was acting in the course of his employment, agency, and/or representation of the MSU Defendants.

191.   The MSU Defendants tolerated, authorized, and/or permitted a custom, policy, practice, or procedure of insufficient supervision and failed to adequately screen, counsel, or discipline such individuals, with the result that Defendant Nassar was allowed to violate the rights of persons such as Plaintiff's minor, with impunity.

192.   As a direct and/or proximate result of the MSU Defendants' negligent supervision, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self- esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and

will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

## COUNT TEN - NEGLIGENT FAILURE TO WARN OR PROTECT AS TO DEFENDANTS MSU AND MSU BOARD OF TRUSTEES

193.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

194.     The MSU Defendants knew or should have known that Defendant Nassar posed a risk of harm to Plaintiff's minor or those in Plaintiff's minor's situation.

195.     As early as 1999, the MSU Defendants had direct and/or constructive knowledge as to the dangerous conduct of Defendant Nassar and failed to act reasonably and responsibly in response.

196.     The MSU Defendants knew or should have known Defendant Nassar committed sexual assault, abuse, and molestation and/or was continuing to engage in such conduct.

197.     The MSU Defendants had a duty to warn or protect Plaintiff's minor and others in Plaintiff's minor's situation against the risk of injury by Defendant Nassar.

198.     The duty to disclose this information arose by the special, trusting, confidential, and fiduciary relationship between Defendant Nassar as an employee, agent, and/or representative of the MSU Defendants and Plaintiff's minor.

199.     The MSU Defendants breached said duty by failing to warn Plaintiff's parents and/or by failing to take reasonable steps to protect Plaintiff's minor from Defendant Nassar.

200.    The MSU Defendants breached its duties to protect Plaintiff's minor by failing to:

    a.   Respond to allegations of sexual assault, abuse, and molestation;

    b.   Detect and/or uncover evidence of sexual assault, abuse, and molestation; and,

    c.   Investigate, adjudicate, and terminate Defendant Nassar's employment with Defendant MSU prior to 2016.

201.    The MSU Defendants failed to adequately screen, counsel, and/or discipline Defendant Nassar for physical and/or mental conditions that might have rendered him unfit to discharge the duties and responsibilities of a physician at an educational institution, resulting in violations of Plaintiff's minor's rights.

202.    The MSU Defendants willfully refused to notify, give adequate warning, and implement appropriate safeguards to protect Plaintiff's minor from Defendant Nassar's conduct.

203.    As a direct and/or proximate result of the MSU Defendants negligent failure to warn or protect, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

<u>COUNT ELEVEN - NEGLIGENT FAILURE TO TRAIN OR EDUCATE AS TO
DEFENDANTS MSU AND MSU BOARD OF TRUSTEES</u>

204.     Plaintiff realleges and incorporates by reference the allegations contained in
the preceding paragraphs.

205.     The MSU Defendants breached their duty to take reasonable protective measures
to protect Plaintiff's minor and other minors from the risk of childhood sexual abuse and/or
sexual assault by Defendant Nassar, such as the failure to properly train or educate Plaintiff's
parents and other individuals (including minors) about how to avoid such a risk.

206.     The MSU Defendants failed to implement reasonable safeguards to:

     a.   Prevent acts of sexual assault, abuse, and molestation by Defendant Nassar;
         and,

     b.   Avoid placing Defendant Nassar in positions where he would be in
         unsupervised contact and interaction with Plaintiff's minor and other young
         athletes.

207.     As a direct and/or proximate result of the MSU Defendants' negligent failure
to train or educate, Plaintiff suffered discomfort and continues to suffer pain of mind and
body, shock, emotional distress, physical manifestations of emotional distress, embarrassment,
loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented
and will continue to be prevented from performing daily activities and obtaining the full
enjoyment of life, and has sustained and continues to sustain loss of earnings and earning
capacity.

COUNT TWELVE - NEGLIGENT RETENTION AS TO DEFENDANTS MSU AND MSU BOARD OF TRUSTEES

208.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

209.     The MSU Defendants had a duty when credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising employees, agents, and/or representatives to exercise due care, but they failed to do so.

210.     The MSU Defendants were negligent in the retention of Defendant Nassar as an employee, agent, and/or representative in their failure to adequately investigate, report, and address complaints about his conduct of which they knew or should have known.

211.     The MSU Defendants were negligent in the retention of Defendant Nassar as an employee, agent, and/or representative when after they discovered, or reasonably should have discovered Defendant Nassar's conduct, which reflected a propensity for sexual misconduct.

212.     The MSU Defendants' failure to act in accordance with the standard of care resulted in Defendant Nassar gaining access to and sexually abusing and/or sexually assaulting Plaintiff's minor and an unknown number of other individuals.

213.     The aforementioned negligence in the credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising of Defendant Nassar created a foreseeable risk of harm to Plaintiff's minor as well as other minors and young adults.

214.     As a direct and/or proximate result of the MSU Defendants' negligent retention, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-

esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

## COUNT THIRTEEN - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANTS MSU AND MSU BOARD OF TRUSTEES

215.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

216.    The MSU Defendants allowed Defendant Nassar to be in a position where he could sexually assault, abuse, and molest children and young adults.

217.    A reasonable person would not expect the MSU Defendants to tolerate or permit their employee or agent to carry out sexual assault, abuse, or molestation after they knew or should have known of complaints and claims of sexual assault and abuse occurring during Defendant Nassar's "treatments."

218.    The MSU Defendants held Defendant Nassar in high esteem and acclaim, which, in turn, encouraged Plaintiff's parents and others to respect and trust Defendant Nassar and seek out his services, and to not question his methods or motives.

219.    The MSU Defendants protected Defendant Nassar in part to bolster and sustain his national and international reputation in the gymnastics community.

220.    A reasonable person would not expect the MSU Defendants to be incapable of supervising Defendant Nassar and/or preventing Defendant Nassar from committing acts of sexual assault, abuse, and molestation.

221.    The MSU Defendants' conduct, as described in this Complaint, was intentional and/or reckless.

222.    As a direct and/or proximate result of the MSU Defendants' conduct, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

COUNT FOURTEEN - FRAUD AND MISREPRESENTATION AS TO DEFENDANTS MSU, MSU BOARD OF TRUSTEES, AND NASSAR

223.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

224.    From approximately 1996 to September 2016, the MSU Defendants represented to Plaintiff and the public that Defendant Nassar was a competent and safe physician.

225.    By representing that Defendant Nassar was a team physician and athletic physician at Defendant MSU, and a National Team Physician with Defendant USAG, the MSU Defendants represented to Plaintiff's parents and the public that Defendant Nassar was safe, trustworthy, of high moral and ethical repute, and that Plaintiff's parents and the public need not worry about being harmed by Defendant Nassar.

226.    From approximately January of 2010 to March of 2010, Defendant Nassar intentionally misrepresented to Plaintiff' parents that his "treatments" were the proper procedure to treat back pain, when, in fact, he knew the same to be untrue.

227.    Defendant Nassar used his reputation, authority, and position to unlawfully represent to Plaintiff's parents that his "treatment" was proper.

228.    The representations were false when they were made as Defendant Nassar

had and was continuing to sexually assault, abuse, and molest Plaintiff and an unknown number of other individuals.

229.     After the complaints brought to MSU representatives in 1999 and 2000 regarding Defendant Nassar's conduct, the MSU Defendants knew their representations of Defendant Nassar were false.

230.     Although MSU was informed of Defendant Nassar's conduct, they failed to investigate, remedy, or in any way address the complaints in 1999 and 2000.

231.     The MSU Defendants continued to hold Defendant Nassar out as a competent and safe physician.

232.     Between the time of the 1999 complaint and September 2016, the MSU Defendants continued to hold Defendant Nassar out as a competent and safe physician.

233.     These actions of the MSU Defendants were purportedly done as an attempt to hide the known instances of sexual abuse committed by Defendant Nassar.

234.     Plaintiff's parents relied on the assertions of the MSU Defendants and continued to seek treatment from Defendant Nassar while the MSU Defendant knew of the concerns and dangers.

235.     Plaintiff's minor  was subjected to sexual assault, abuse, and molestation as a result of the MSU Defendants' fraudulent misrepresentations regarding Defendant Nassar.

236.     As a direct and/or proximate result of the MSU Defendants' and Defendant Nassar's fraudulent misrepresentations, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation,

39

and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

## VI.    CLAIMS AGAINST USA GYMNASTICS

COUNT FIFTEEN - GROSS NEGLIGENCE AS TO DEFENDANT USAG AND DEFENDANT NASSAR

237.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

238.    Defendant USA Gymnastics ("USAG") owed Plaintiff's minor a duty to use due care to ensure their safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives, and/or agents.

239.    Plaintiff's minor was a member of USAG, participated in USAG sanctioned events, and was knowledgeable of and in some cases was referred to Defendant Nassar for medical treatment through USAG affiliations.

240.    Defendant Nassar owed Plaintiff's minor a duty to use due care in his capacity as an employee, representative, and/or agent of Defendant USAG.

241.    By seeking medical treatment from Defendant Nassar in his capacity as an employee, agent, and/or representative of Defendant USAG, a special, confidential, and fiduciary relationship between Plaintiff's minor and Defendant Nassar was created, resulting in Defendant Nassar owing Plaintiff's minor a duty to use due care.

242.    Defendant USAG's failure to adequately supervise Defendant Nassar was so reckless as to demonstrate a substantial lack of concern for whether an injury would result

to Plaintiff's minor.

243. Defendant Nassar's conduct in sexually assaulting, abusing, and molesting Plaintiff's minor under the guise of rendering medical "treatment" as an employee, representative, and/or agent of Defendant USAG was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff's minor.

244. Defendant USAG's conduct demonstrated a willful disregard for necessary precautions to reasonably protect Plaintiff's minor's safety.

245. Defendant USAG's conduct, as described in this Complaint, demonstrated a willful disregard for the substantial risks to Plaintiff's minor.

246. Defendant USAG breached duties owed to Plaintiff's minor and were grossly negligent when they conducted themselves by actions, described above, including, but not limited to, their failure to notify MSU about the reasons for Nassar's separation from USAG and more broadly the issues surrounding sexual abuse in gymnastics and warning signs and reporting requirements.

247. Said acts were committed with reckless disregard for Plaintiff's m i n o r ' s health, safety, Constitutional and/or statutory rights, and with a substantial lack of concern as to whether an injury would result.

248. As a direct and/or proximate result of Defendant USAG'S actions and/or inactions, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self- esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining

the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

## COUNT SIXTEEN – NEGLIENCE AS TO DEFENDANT USAG AND DEFENDANT NASSAR

249.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

250.    Defendant USAG owed Plaintiff's minor a duty of ordinary care to ensure her safety and freedom from sexual assault, abuse, and molestation while being treated by their employees, representatives, and agents.

251.    Plaintiff's minor, as a member of the USAG, had a reasonable expectation that the USAG was recommending competent and ethical physicians and trainers for medical treatment who would carry out said treatment without sexual assault, abuse, and molestation.

252.    By seeking medical treatment from Defendant Nassar in his capacity as an employee, agent, and/or representative of Defendant USAG, a special, confidential, and fiduciary relationship between Plaintiff's minor and Defendant Nassar was created, resulting in Defendant Nassar owing Plaintiff's minor a duty to use ordinary care.

253.    Defendant Nassar owed Plaintiff's minor a duty of ordinary care in carrying out medical treatment.

254.    Defendant USAG's failure to adequately train and supervise Defendant Nassar breached the duty of ordinary care.

255.    Defendant USAG's failure to properly investigate, address, and remedy complaints regarding Defendant Nassar's conduct was a breach of ordinary care.

256.    Defendant USAG's failure to inform Plaintiff's minor and the public of the

allegations and concerns leading to Defendant Nassar's separation from USAG was a breach of ordinary care.

257.    Defendant Nassar's conduct in sexually assaulting, abusing, and molesting Plaintiff's minor was a breach of the duty to use ordinary care.

258.    As a direct and/or proximate result of Defendants' conduct, actions and/or inactions, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self- esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

COUNT SEVENTEEN – VICARIOUS LIABILITY AS TO DEFENDANT USAG

259.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

260.    Vicarious liability is indirect responsibility imposed by operation of law where an employer is bound to keep its employees within their proper bounds and is responsible if it fails to do so.

261.    Vicarious liability essentially creates agency between the principal and its agent, so that the principal is held to have done what the agent has done.

262.    Defendant USAG employed and/or held Defendant Nassar out to be its agent and/or representative from approximately 1986 to 2015.

263.    Defendant USAG is vicariously liable for the actions of Defendant Nassar,

as described in this Complaint, that were performed during the course of his employment, representation, or agency with Defendant USAG, and while he had unfettered access to young female athletes.

264.    As a direct and/or proximate cause of Defendant Nassar's negligence carried out in the course of his employment, agency, and/or representation with Defendant USAG Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

COUNT EIGHTEEN – EXPRESS/IMPLIED AGENCY AS TO DEFENDANT USAG

265.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

266.    An agent is a person who is authorized by another to act on its behalf.

267.    Defendant USAG intentionally or negligently made representations that Defendant Nassar was their employee, agent, and/or representative.

268.    On the basis of those representations, Plaintiff's parents reasonably believed Defendant Nassar was acting as an employee, agent, and/or representation of Defendant USAG.

269.    Plaintiff's minor was injured as a result of Defendant Nassar's sexual assault, abuse, and molestation carried out through his employment, agency, and/or representation with Defendant USAG.

270.    Plaintiff's minor was injured because she relied on Defendant USAG to

44

provide employees or agents who would exercise reasonable skill and care.

271.    Defendant USAG is liable for the actions of Defendant Nassar, as described in this Complaint, that were performed during the course of his employment, representation, or agency with Defendant USAG, and while he had unfettered access to young female athletes.

272.    As a direct and/or proximate cause of Defendant Nassar's negligence carried out in the course of his employment, agency, and/or representation with Defendant USAG P Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem,  disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

## COUNT NINETEEN – NEGLIGENT SUPERVISION AS TO DEFENDANT USAG

273.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

274.    Defendant USAG had a duty to provide reasonable supervision of its employee, agent, and/or representative, Defendant Nassar, while he was in the course of his employment, agency and/or representation of Defendant USAG, and while he interacted with young female athletes including Plaintiff's minor.

275.    It was reasonably foreseeable given the known sexual abuse in youth sports, in particular, gymnastics, that Defendant Nassar, who had prior allegations against him, would sexually abuse children, including Plaintiff's minor, unless properly supervised.

276.    Defendant USAG by and through their employees, agents, managers, and/or

assigns, such as Mr. Penny or Mr. Colarossi, knew or reasonably should have known of Defendant Nassar's conduct and/or that Defendant Nassar was an unfit employee, agent, and/or representative because of his sexual interest in children and young adults.

277.    Defendant USAG breached its duty to provide reasonable supervision of Defendant Nassar, and its failure permitted Defendant Nassar, who was in a position of trust and authority, to sexually abuse Plaintiff's minor.

278.    The aforementioned sexual abuse occurred while Defendant Nassar was acting in the course of his employment, agency and/or representation of Defendant USAG.

279.    Defendant USAG tolerated, authorized, and/or permitted a custom, policy, practice, or procedure of insufficient supervision and failed to adequately screen, counsel or discipline Defendant Nassar, with the result that Defendant Nassar was allowed to violate the rights of Plaintiff's minor and other young girls, with impunity.

280.    As a direct and/or proximate result of Defendant USAG's negligent supervision, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

COUNT TWENTY – NEGLIGENT FAILURE TO WARN OR PROTECT AS TO DEFENDANT USAG

281.    Given the direct or indirect knowledge of sexual abuse in youth sports, in particular, gymnastics, it was reasonably foreseeable that sexual abuse of minors may occur if proper procedures were put in place by Defendant USAG.

282.    Defendant USAG knew or should have known that Defendant Nassar posed a risk of harm to Plaintiff's minor or those in Plaintiff's minor's position.

283.    Defendant USAG had direct and/or constructive knowledge as to the dangerous conduct of Defendant Nassar and failed to act reasonably and responsibly in response.

284.    Defendant USAG knew or should have known that Defendant Nassar previously committed sexual assault, abuse, and molestation, and/or was continuing to engage in such conduct.

285.    Defendant USAG had a duty to warn or protect Plaintiff's minor and others in Plaintiff's minor's situation against the risk of injury by Defendant Nassar.

286.    The duty to disclose this information arose by the special, trusting, confidential, and fiduciary relationship between Defendant Nassar in his capacity as employee, agent, and/or representative of Defendant USAG and Plaintiff's minor.

287.    Defendant USAG breached said duty by failing to warn Plaintiff's parents and/or by failing to take reasonable steps to protect Plaintiff's minor from Defendant Nassar.

288.    Defendant USAG breached its duties to protect Plaintiff's minor by failing to detect and/or uncover evidence of sexual abuse and sexual assault, investigate, adjudicate, and suspend and/or ban Defendant Nassar from USAG affiliation and USAG sanctioned events.

289.    Defendant USAG failed to adequately screen, counsel, and/or discipline Defendant Nassar for physical and/or mental conditions that might have rendered him unfit to discharge the duties and responsibilities of a physician in his capacity as an employee, agent, and/or representative of Defendant USAG, resulting in violations of Plaintiff's minor's rights.

290.     Defendant USAG willfully refused to notify, give adequate warning, and implement appropriate safeguards to protect Plaintiff's minor from Defendant Nassar's conduct.

291.     As a direct and/or proximate result of Defendant USAG's negligent failure to warn or protect, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

## COUNT TWENTY-ONE – NEGLIGENT FAILURE TO TRAIN OR EDUCATE AS TO DEFENDANT USAG

292.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

293.     Defendant USAG breached its duty to take reasonable protective measures to protect Plaintiff's minor and other young girls from the risk of childhood sexual abuse and/or sexual assault by Defendant Nassar, such as the failure to properly train or educate Plaintiff's minor and other individuals, including minors, about how to avoid such a risk.

  a.   Defendant USAG failed to implement reasonable safeguards to: prevent acts of sexual assault, abuse, and molestation by Defendant Nassar; and,

  b.   avoid placing Defendant Nassar in positions where he would be in unsupervised contact and interaction with Plaintiff's minor and other young athletes.

294.     As a direct and/or proximate result of Defendant USAG's negligent failure

48

to train or educate, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

## COUNT TWENTY-TWO – NEGLIGENT RETENTION AS TO DEFENDANT USAG

295.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

296.    Defendant USAG had a duty when credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising employees, agents, and/or representatives to exercise due care, but they failed to do so.

297.    Defendant USAG was negligent in the retention of Defendant Nassar as an employee, agent, and/or representative in their failure to adequately investigate, report, and address complaints about his conduct of which they knew or should have known.

298.    Defendant USAG was negligent in the retention of Defendant Nassar when after they discovered, or reasonably should have discovered, Defendant Nassar's conduct, which reflected a propensity for sexual misconduct.

299.    Defendant USAG's failure to act in accordance with the standard of care resulted in Defendant Nassar gaining access to and sexually abusing and/or sexually assaulting Plaintiff's minor, as well as an unknown number of other minors and young women.

300.    The aforementioned negligence in the credentialing, hiring, retaining,

screening, checking, regulating, monitoring, and supervising of Defendant Nassar created a foreseeable risk of harm to Plaintiff's minor as well as other minors and young women.

301.    As a direct and/or proximate result of Defendant USAG's negligent retention, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

## COUNT TWENTY-THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT USAG

302.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

303.    Defendant USAG allowed Defendant Nassar to be in a position where he could sexually assault, abuse, and molest children and young adults.

304.    A reasonable person would not expect Defendant USAG to tolerate or permit their employee, agent, or representative to carry out sexual assault, abuse, or molestation.

305.    Defendants USAG held Defendant Nassar in high esteem and acclaim, which, in turn, encouraged Plaintiff's parents and others to respect and trust Defendant Nassar, to seek out his services, and to not question his methods or motives.

306.    Defendants USAG protected Defendant Nassar, in part, to bolster his national and international reputation in the gymnastics community.

307.    A reasonable person would not expect Defendant USAG to be incapable of supervising Defendant Nassar and/or preventing Defendant Nassar from committing acts

of sexual assault, abuse, and molestation.

308.    Defendant USAG's conduct, as described in this Complaint, was intentional and/or reckless.

309.    As a direct and/or proximate result of Defendant USAG's conduct, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem,  disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

COUNT TWENTY-FOUR – FRAUD AND MISREPRESENTATION AS TO DEFENDANT USAG

310.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

311.    From approximately 1996 to summer 2015, Defendant USAG represented to Plaintiff's parents and the public that Defendant Nassar was a competent, ethical, and safe physician.

312.    By representing that Defendant Nassar was a team physician and athletic physician at Defendant MSU and a National Team Physician with Defendant USAG, Defendant USAG represented to Plaintiff and the public that Defendant Nassar was safe, trustworthy, of high moral and ethical repute, and that Plaintiff's parents and the public need not worry about  being harmed by Defendant Nassar.

313.    The representations were false when they were made because Defendant Nassar had and was continuing to sexually assault, abuse, and molest Plaintiff's minor and an unknown

number of other individuals.

314. Additionally, once complaints of Nassar were made to Defendant USAG, USAG had an obligation to notify appropriate organizations to protect individuals in a class similar to Plaintiff's minor, which would include the other Defendants in this case.

315. Plaintiff's parents relied on the assertions of Defendant USAG and continued to seek treatment of Defendant Nassar while Defendant USAG knew of the concerns and dangers.

316. Plaintiff's minor was subjected to sexual assault, abuse, and molestation as a result of Defendant USAG's fraudulent misrepresentations regarding Defendant Nassar.

317. As a direct and/or proximate result of Defendant USAG's fraudulent misrepresentations, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

## VII.     CLAIMS AGAINST LAWRENCE NASSAR

### COUNT TWENTY-FIVE – ASSAULT AND BATTERY AS TO DEFENDANT LAWRENCE NASSAR

318. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

319. The acts committed by Defendant Nassar against Plaintiff's minor described

herein constitute assault and battery, actionable under the laws of Michigan.

320.    Defendant Nassar committed nonconsensual sexual acts which resulted in harmful or offensive contact with the body of Plaintiff's minor.

321.    Specifically, Defendant Nassar committed acts which caused injury to Plaintiff's minor by subjecting them to an imminent battery and/or intentional invasions of their rights to be free from offensive and harmful contact, and said conduct demonstrated that Defendant Nassar had a present ability to subject Plaintiff's minor to an immediate, intentional, offensive and harmful touching.

322.    Defendant Nassar assaulted and battered Plaintiff's minor by nonconsensual and unwanted fondling of her pubic area, without notice or explanation of the "treatment."

323.    Plaintiff did not consent to the contact, which caused injury, damage, loss, and/or harm.

324.    As a direct and/or proximate result of Defendant Nassar's assault and battery, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

COUNT TWENTY-SIX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT NASSAR

325.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

326.    Defendant Nassar used his authority and position with Defendants MSU, and

USAG, to sexually assault, abuse, and molest Plaintiff's minor, and an unknown number of other minors and young adults.

327.    Defendant Nassar, in committing acts of sexual assault, abuse, and molestation, as described in this Complaint, under the guise of medical "treatment," exhibited conduct that is extreme, outrageous and/or reckless in nature.

328.    A reasonable person would not expect their physician to sexually assault, abuse, or molest them, and to do so under the guise of medical "treatment" without proper notice or explanation and without giving the patient the opportunity to refuse "treatment" of that nature.

329.    Defendant Nassar's conduct was intentional or reckless as he sexually assaulted, abused, and molested Plaintiff's minor.

330.    Defendant Nassar's conduct has caused and continues to cause Plaintiff's minor to suffer emotional and psychological distress.

331.    As a direct and/or proximate result of Defendant Nassar's outrageous conduct, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

COUNT TWENTY-SEVEN – INVASION OF PRIVACY AS TO DEFENDANT NASSAR

332.    Defendant Nassar intruded upon Plaintiff's minor seclusion or solitude by sexually assaulting, abusing, and molesting Plaintiff's minor without her consent or Plaintiff's parents' consent.

333.    Plaintiff's minor's genital area and virginity are secret and private subject matters.

334.    Plaintiff's minor possessed a right to keep these subject matters private.

335.    Defendant Nassar's method of sexually assaulting, abusing, and molesting Plaintiff's minor is objectionable to a reasonable person.

336.    As a direct and/or proximate result of Defendant Nassar's outrageous conduct, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity

## VIII.    DAMAGES - FOR ALL AFOREMENTIONED CAUSES OF ACTION

337.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

338.    As a direct and/or proximate result of Defendants' actions and/or inactions stated above, Plaintiff's minor suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self- esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

339.    The conduct, actions and/or inactions of Defendants as alleged in the above stated counts and causes of action constitute violations of Plaintiff's minor's Constitutional and

Federal rights, as well as the common and/or statutory laws of the State of Michigan, and the United States District Court has jurisdiction to hear and adjudicate said claims.

340.    In whole or in part, as a result of some or all of the above actions and/or inactions of Defendants, Plaintiff's minor has and continues to suffer irreparable harm as a result of the violations.

341.    The amount in controversy exceeds the jurisdictional minimum of $75,000.00.

**WHEREFORE**, Plaintiff requests this Court and the finder of fact to enter a Judgment in Plaintiff's favor against all named Defendants on all counts and claims as indicated above in an amount consistent with the proofs of trial, and seeks against Defendants all appropriate damages arising out of law, equity, and fact for each and/or all of the above counts where applicable, and hereby requests that the trier of fact, be it judge or jury, award Plaintiff all applicable damages, including but not limited to compensatory, special, exemplary, and/or punitive damages, in whatever amount the Plaintiff is entitled, and all other relief arising out of law, equity, and fact, also including, but not limited to:

(A)    Compensatory damages in an amount to be determined as fair and just under the circumstances, by the trier of fact including, but not limited to, medical expenses, loss of earnings, mental anguish, anxiety, humiliation and embarrassment, violation of Plaintiff's Constitutional, Federal, and State rights, loss of social pleasure and enjoyment, and other damages to be proved;

(B)    Punitive and/or exemplary damages in an amount to be determined as reasonable or just by the trier of fact;

(C)    Reasonable attorney fees, interest, and costs; and

(D)     Other declaratory, equitable, and/or injunctive relief, including, but not limited

to, implementation of institutional reform and measures of accountability to ensure

the safety and protection of young athletes and other individuals, as appears to be

reasonable and just.

                                            JOHNSON LAW, PLC


                                            By: /s/ Ven R. Johnson
                                            THOMAS W. WAUN (P34224)
                                            VEN R. JOHNSON (P39219)
                                            Attorneys for Plaintiff
                                            10683 S. Saginaw St., Ste. D
                                            Grand Blanc, Michigan  48439
        Dated:  July 26, 2017                (810) 695-6100


## PLAINTIFF JOHN JL1 DOE, AS NEXT FRIEND
## OF JANE JL1 DOE, A MINOR'S JURY DEMAND

Plaintiff JOHN JL1 DOE, AS NEXT FRIEND OF JANE JL1 DOE, A MINOR, by and

through their Attorneys, JOHNSON LAW, PLC, hereby demand a trial by jury on all claims set

forth above.


                                            JOHNSON LAW, PLC


                                            By: /s/ Ven R. Johnson
                                            THOMAS W. WAUN (P34224)
                                            VEN R. JOHNSON (P39219)
                                            Attorneys for Plaintiff
                                            10683 S. Saginaw St., Ste. D
                                            Grand Blanc, Michigan  48439
        Dated:  July 26, 2017                (810) 695-6100